FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

05 SEP 27 AM 11: 22

CLERK-ALBUQUERQUE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANN APODACA,

        **Plaintiff,**

vs.

    No. CIV - 0 5 - 1 0 3 4  JP  LCS

CORRECTIONS CORPORATION OF AMERICA,
    (A Maryland Corporation) Operating the New
    Mexico Women's Correctional Facility in Grants,
    New Mexico (CCA-NMWCF);

JOHN D. FERGUSON,
    President of Corrections Corporation of America
    (A Maryland Corporation);

RUSSELL FLEMING,
    Correctional Officer, New Mexico Women's Correctional Facility,
    Individually and in his official capacity;

THERESA McDOWELL,
    Chief of Security, New Mexico Women's Correctional Facility,
    Individually and in her official capacity;

BILL SNODGRASS,
    Warden, New Mexico Women's Correctional Facility,
    Individually and in his official capacity;

JERRY SMITH,
    Assistant Warden, New Mexico Women's Correctional Facility,
    Individually and in his official capacity;

        **Defendants.**

## COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS
## UNDER COLOR OF STATE LAW, FOR INJUNCTIVE RELIEF,
## AND FOR PUNITIVE DAMAGES,

Plaintiff brings this complaint for violation of her civil rights under 42 U.S.C. § 1983; and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983, 1988, and 28 U.S.C. §1343.

2. All of the parties reside or do business in New Mexico and the acts complained of occurred exclusively within New Mexico.

3. Venue is proper in this District. At the time of the acts described herein, Plaintiff was a resident of the State of New Mexico. Plaintiff's cause of action arose in New Mexico.

### PARTIES

4. Plaintiff was at all times relevant hereto a resident of the state of New Mexico. At all times relevant to the instant complaint, Plaintiff was committed to the care and custody of the State of New Mexico and was incarcerated in the New Mexico Women's Correctional Facility in Grants, New Mexico.

5. Defendant Corrections Corporation of America ("CCA") is a Maryland corporation that, at all times relevant hereto, was licensed to do business in New Mexico and operated the New Mexico Women's Correctional Facility in Grants, New Mexico ("NMWCF"). Defendant CCA contracted with the State of New Mexico to house inmates committed to the care and custody of the State of New Mexico.

6. Defendant Russell Fleming was, at all relevant times hereto, a corrections officer employed by Defendant CCA, acting within the course and scope of his employment and under color of state law. Defendant Fleming is sued herein in his individual and official capacity. Upon information and belief, Defendant Russell Fleming is a resident of New Mexico.

7.    Defendant Theresa McDowell was, at all times relevant to this complaint, the Chief of Security at the NMWCF in Grants and was employed by Defendant CCA. Defendant Theresa McDowell is sued herein in her individual and official capacities. At all times material to this Complaint, Defendant Theresa McDowell acted under color of state law. Upon information and belief, Defendant McDowell is a resident of New Mexico.

8.    Defendants Bill Snodgrass and Jerry Smith were, at all times relevant to this complaint, the Warden and Assistant Warden respectively of the NMWCF and were employed by the Defendant CCA. Defendants Snodgrass and Smith are sued herein in their individual and official capacities. At all times material to this Complaint, Defendants Snodgrass and Smith acted under color of state law. Upon information and belief, Defendants Snodgrass and Smith are residents of New Mexico.

9.    Upon information and belief, Defendant John D. Ferguson ("Ferguson"), at all times relevant to this complaint, was the president of Corrections Corporation of America, a Maryland Corporation. Defendant Ferguson is sued herein in his individual and official capacity. Upon information and belief, Defendant Ferguson was and is a resident of the State of Tennessee.

### FACTUAL BACKGROUND

10.    While Plaintiff was incarcerated in NMWCF, she was sexually assaulted, fondled, and raped by Defendant Fleming—crimes for which, upon information and belief, Defendant Fleming was charged criminally.

11.    Specifically, on or about October 2002, Plaintiff awoke to being touched inappropriately by Defendant Fleming. After she awoke, Defendant forced Plaintiff to perform oral sex upon him.

3

12.     Approximately a week later, Defendant Fleming removed Plaintiff from her cell, took her to another location and raped her again.

13.     All of the sexual encounters between Defendant Fleming and Plaintiff were nonconsensual. Defendant Fleming used his authority over Plaintiff. as well as force and coercion to compel Plaintiff to comply in said sexual acts.

14.     The coerced sexual acts occurred at NMWCF, while Defendant Fleming was on duty as a corrections officer. Said acts constitute criminal sexual contact and criminal sexual penetration of Plaintiff by Defendant Fleming. Defendant's actions constitute felonies under New Mexico state law. See NMSA 1978, § 30-9-11 (2004).

15.     As a result of the actions of Defendant Fleming, Plaintiff suffered invasions of her bodily integrity and severe emotional distress of the type and sort that any person could be expected to experience under the circumstances.

16.     Plaintiff attempted to report the incident and utilize the administrative grievance process, but was threatened and denied access to grievance forms.  The NMWCF grievance process was not an administrative remedy that was available to her. Upon information and belief, DNA evidence exists that corroborates the incidents alleged herein and is in the possession of the District Attorney's office in Grants, NM.

### COUNT I: § 1983 CLAIM AGAINST DEFENDANT RUSSELL FLEMING UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

17.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

18.     While Plaintiff was under the care and custody of NMWCF, she was protected from cruel and unusual punishment by the substantive provisions of the Eighth Amendment to

4

the United States Constitution, in that Plaintiff was an inmate/detainee after being convicted with the commission of one or more criminal offenses.

19. Defendant Fleming had a duty to refrain from violating Plaintiff's constitutional rights as an inmate/detainee. Defendant Fleming's criminal sexual contact and criminal sexual penetration of Plaintiff violated Plaintiff's rights to be secure in her bodily integrity and free from criminal sexual contact and / or criminal sexual penetration by prison guards, pursuant to the guarantees of the Eighth Amendment to the United States Constitution. Defendant's actions led to the deprivation of the clearly established Eighth Amendment rights of Plaintiff and to her resultant injuries and damages.

20. Defendant Fleming's acts were intentional, malicious, sadistic, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights and/or callously and intentionally indifferent to the rights of the public, including Plaintiff Defendant Fleming acted with deliberate indifference towards Plaintiff's constitutional rights and Defendant's actions shock the contemporary community conscience. Punitive damages are therefore justified in order to dissuade Defendant Fleming and others similarly situated from engaging in the same or similar conduct in the future.

21. Defendant Fleming was acting under color of law when he violated Plaintiff's constitutional rights.

22. Defendant Fleming's wrongful acts proximately caused Plaintiff damages and injuries. These damages include physical injury, pain and suffering, violation of Plaintiff's civil rights, and severe emotional distress, embarrassment, anxiety, loss of reputation and other damages of the type that anyone would experience after being raped by a jail guard.

**WHEREFORE**, Plaintiff requests compensatory and punitive damages against Defendant Fleming, together with all costs and attorneys fees.

## COUNT III: § 1983 CLAIM AGAINST CORRECTIONS CORPORATION OF AMERICA AND JOHN D. FERGUSON UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION FAILURE TO TRAIN AND SUPERVISE

23.    Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

24.    Defendant Corrections Corporation of America, as the administrator of the New Mexico Women's Correctional Facility and Defendant John D. Ferguson, as President and policymaker for Defendant CCA, were directly responsible for the hiring, retention, supervision and training of all corrections officers, including Defendant Fleming.

25.    Defendants CCA and Ferguson knew, or the facts of the instant matter make obvious and knowledge may therefore be inferred, that the training and supervision received by Defendants Fleming and other CCA employees in regards to the civil rights of female inmates and detainees and in regards to the appropriate corrections officer conduct and behavior towards said inmates was utterly and shockingly inadequate.

26.    Defendants CCA and Ferguson's failure to adequately train and supervise Defendant Fleming and other CCA employees represents an established pattern and practice of tolerance for civil rights abuse at NMWCF. This pattern and practice is discernible by the number of inmates who have brought suit and/or otherwise complained of civil rights violations at NMWCF.

27.    Defendants CCA and Ferguson further knew, or the facts of the instant matter make obvious and knowledge may therefore be inferred, of the tendency of Defendant Fleming and other CCA employees to conduct themselves in a manner that violated the civil rights of inmates, including Plaintiff.

6

28.     Defendants CCA and Ferguson failed or refused to take appropriate disciplinary, supervisory, and training action at times relevant to this complaint, thereby resulting in the harm complained of—specifically, the rape of Plaintiff—in deliberate indifference to Plaintiff's rights. Defendant's actions proximately caused Plaintiff's harm complained of herein.

29.     Defendants CCA and Ferguson acted with deliberate indifference as regards the known dangers to Plaintiff, an inmate and detainee of the New Mexico Women's Correctional Facility. Defendant CCA failed to act to correct said known dangers to their detainee population and was deliberately indifferent to the civil rights and the known dangers to the civil rights of its detainees. Defendant CCA is therefore responsible for the violations that occurred.

30.     Defendants CCA and Ferguson were acting under color of state law when the conduct complained of herein occurred, depriving the Plaintiff of her constitutional rights.

**WHEREFORE,** Plaintiff asks for compensatory and punitive damages against Defendants CCA and Ferguson for their failure to adequately train, supervise, and discipline Defendants Fleming and other CCA employees.

## COUNT IV: § 1983 CLAIM AGAINST BILL SNODGRASS AND JERRY SMITH UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION FOR FAILURE TO TRAIN AND SUPERVISE

31.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

32.     Defendants Bill Snodgrass and Jerry Smith, as Warden and Assistant Warden respectively of the New Mexico Women's Correctional Facility, at various times during the acts complained of herein, were directly responsible for the hiring, retention, supervision and training of all corrections officers, including Defendant Fleming.

33.     Defendants Bill Snodgrass and Jerry Smith knew, or the facts of the instant matter make obvious and knowledge may therefore be inferred, that the training and supervision

7

received by Defendant Fleming and other CCA employees as regards the civil rights of female inmates and detainees and as regards the appropriate corrections officer conduct and behavior towards said inmates was utterly and shockingly inadequate.

34.     Defendants Bill Snodgrass and Jerry Smith's failure to adequately train and supervise Defendant Fleming and other CCA employees represents an established pattern and practice of tolerance for civil rights abuse at NMWCF.

35.     Defendants Bill Snodgrass and Jerry Smith further knew, or the facts of the instant matter make obvious and knowledge may therefore be inferred, of the tendency of Defendant Fleming and other CCA employees to conduct themselves in a manner that violated the civil rights of female inmates, including Plaintiff.

36.     Defendants Bill Snodgrass and Jerry Smith, acting under color of state law, failed or refused to take appropriate disciplinary, supervisory, and training action at times relevant to this complaint, thereby resulting in the harm complained of—specifically, the rape of Plaintiff. Defendants' actions were deliberately indifferent to Plaintiff's rights.  Defendant's actions proximately caused Plaintiff's harm complained of herein.

37.     Defendants Bill Snodgrass and Jerry Smith took action to retaliate against Plaintiff and to hide the illegal acts of Defendant Fleming.

38.     Defendants Bill Snodgrass and Jerry Smith acted with deliberate indifference as regards the known dangers to Plaintiff, an inmate and detainee of NMWCF. Defendants Bill Snodgrass and Jerry Smith failed to act to correct said known dangers to their detainee population and were deliberately indifferent to the civil rights and the known dangers to the civil rights of its detainees. Defendants Bill Snodgrass and Jerry Smith are therefore responsible for the violations that occurred.

8

**WHEREFORE**, Plaintiff asks for compensatory and punitive damages against Defendants Bill Snodgrass and Jerry Smith for their failure to adequately train, supervise, and discipline Defendant Fleming and others.

## COUNT V: § 1983 CLAIM AGAINST THERESA McDOWELL UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION FOR FAILURE TO TRAIN AND SUPERVISE

39.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

40.     Defendant Theresa McDowell as the Chief of Security of the New Mexico Women's Correctional Facility, at various times during the acts complained of herein, was directly responsible for the supervision and training of all corrections officers, including Defendant Fleming.

41.     Defendant Theresa McDowell's failure to adequately train and supervise Defendant Fleming and other CCA employees represents an established pattern and practice of tolerance for civil rights abuse at NMWCF.

42.     Defendant Theresa McDowell further knew, or the facts of the instant matter make obvious and knowledge may therefore be inferred, of the tendency of Defendant Fleming and other CCA employees to conduct themselves in a manner that violated the civil rights of female inmates, including Plaintiff.

43.     Defendant Theresa McDowell, while acting under color of state law, failed or refused to take appropriate disciplinary, supervisory, and training action at times relevant to this complaint, thereby resulting in the harm complained of—specifically, the rape of Plaintiff. Defendant's actions were deliberately indifferent to Plaintiff's rights. Defendant's actions proximately caused Plaintiff's harm complained of herein.

44.    Defendant Theresa McDowell acted with deliberate indifference as regards the known dangers to Plaintiff, an inmate and detainee of NMWCF. Defendant Theresa McDowell failed to act to correct said known dangers to their detainee population and was deliberately indifferent to the civil rights and the known dangers to the civil rights of its detainees. Defendant Theresa McDowell is therefore responsible for the violations that occurred.

**WHEREFORE**, Plaintiff asks for compensatory and punitive damages against Defendant Theresa McDowell for her failure to adequately train, supervise, and discipline Defendant Fleming and others.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

By: 

The Romero Law Firm, P.A.
Román R. Romero
Attorney for Plaintiff
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 345-9616
(505) 224-9554 facsimile