IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANN APODACA,

    Plaintiff,

vs.                                          Case No. CV 05-1034 JP/LCS

CORRECTIONS CORPORATION OF AMERICA,
JOHN D. FERGUSON, RUSSELL FLEMING,
THERESA MCDOWELL, BILL SNODGRASS,
and JERRY SMITH,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 9, 2005, Defendants Corrections Corporation of America ("CCA"), John Ferguson, Theresa McDowell, Bill Snodgrass, and Jerry Smith filed a "Motion to Dismiss for Failure to Exhaust Administrative Remedies and Memorandum Brief in Support Thereof" (Docket No. 18). Plaintiff Ann Apodaca's complaint asserts various claims against Defendants under 42 U.S.C. § 1983 for violations of her Eighth Amendment rights. In their motion, Defendants argue that Plaintiff's complaint should be dismissed for failure to adequately plead exhaustion of administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, *et seq*.

After review of arguments of counsel and the relevant law, the Court finds that Defendant's motion to dismiss should be denied. In light of the denial of Defendant's motion to dismiss, the Court also finds that Plaintiff's motion for leave to file surreply to the Defendants' motion to dismiss (Docket No. 35) is moot and should be denied.

*I. Standard of Review*

*1. Conversion under FED. R. CIV. P. 12(b)*

As a preliminary matter, the Court must consider whether Defendants' motion to dismiss should be converted into a motion for summary judgment. Defendants attached a copy of the New Mexico Women's Correctional Facility's ("NMWCF") internal grievance procedure and an affidavit of Defendant McDowell to their motion to dismiss. (Docket No. 18, Exhibits A and B). Because Defendants presented matters outside the pleadings with the motion, they assert that the court must convert the motion into a motion for summary judgment.

Under Rule 12(b) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim upon which relief can be granted may be converted into a motion for summary judgment if matters outside the pleadings are presented to and accepted by the court. FED. R. CIV. P. 12(b). A court has discretion to either accept or reject the submission of any material outside the pleadings. *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). Generally, this discretion is exercised if the proffered material is likely to facilitate the disposition of the action. *See*, *e.g.*, *Woods v. City of Galveston*, 5 F.Supp.2d 494 (D.C. Tex. 1998). If the court determines to convert a motion to dismiss into a motion for summary judgment, the court must "give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56." *Brown v. Zavaras*, 63 F.3d 967, 969 (10th Cir. 1995).

The Court finds that conversion of Defendants' motion to dismiss is inappropriate because consideration of Defendants' proffered material will not facilitate the disposition of the action. Defendants' proffered material demonstrates that there is no record of Plaintiff having used the

NMWCF's internal grievance procedures.  However, Plaintiff argues that there is no record of Plaintiff having filed a grievance form because she was not allowed an opportunity to do so.  The Court declines to convert Defendants' motion to dismiss into a motion for summary judgment.

Further, Plaintiff filed a motion to file a surreply to Defendant's motion to dismiss as a result of Defendants' request to convert the motion to dismiss into a motion for summary judgment.  Plaintiff filed the motion to file a surreply in order to present material in support of Plaintiff's claims and defeat summary judgment.  However, since the Court has declined to convert Defendants' motion into one for summary judgment, Plaintiff does not need to present material outside the pleadings to properly oppose Defendant's motion to dismiss.   Consequently, Plaintiff's motion to file a surreply will be denied as moot.

*2. Motion to Dismiss Standard of Review*

A motion to dismiss under FED. R. CIV. P. 12(b)(6) should not be granted unless it appears beyond a doubt that a claimant can prove no set of facts in support of her claim which would entitle her to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002), *cert. denied*, 538 U.S. 999 (2003).  In evaluating a motion to dismiss, the Court must liberally construe the claim, accept all well-pleaded factual allegations as true, and view the allegations in the light most favorable to the non-moving party.  *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). Moreover, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

*II. Background*

Plaintiff is an inmate at the NMWCF in Grants, New Mexico.  Defendant CCA, a Maryland corporation, operates the NMWCF on behalf of the State of New Mexico.  Defendant Snodgrass is the Warden of the NMWCF, and Defendant Smith is the Assistant Warden of the NMWCF.  Defendant McDowell is the Chief of Security at the NMWCF.   Defendant Fleming is a corrections officer at the NMWCF.  Defendants Snodgrass, Smith, McDowell, and Fleming are all employees of Defendant CCA.  Defendant Ferguson is the president of Defendant CCA.

On two different occasions in October of 2002, Defendant Fleming, while on duty as a corrections officer, forced sexual contact upon and raped Plaintiff.  Plaintiff attempted to report the incident and to use the NMWCF's administrative grievance procedures.  However, Plaintiff's attempts to use the NMWCF's administrative process failed because she was threatened and denied access to grievance forms.

On September 27, 2005, Plaintiff filed a complaint in the United States District Court for the District of New Mexico alleging violations of her Eighth Amendment rights against cruel and unusual punishment.  Count I asserts a claim against Defendant Fleming under 42 U.S.C. § 1983 for violating her Eighth Amendment rights.[1]  Counts III, IV and V assert claims against Defendants CCA, Ferguson, Snodgrass, Smith, and McDowell under § 1983 for failure to train and supervise Defendant Fleming and other CCA employees.

---

[1] Plaintiff's complaint appears to be misnumbered, as she does not assert any claims under a Count II.

*III. Analysis*

*1. Exhaustion Under the PLRA*

Defendants contend that Plaintiff's complaint fails to state a claim upon which relief may be granted because Plaintiff failed to exhaust her administrative remedies. The PLRA requires inmates to exhaust administrative remedies that are available prior to filing an action under § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). A complaint "that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (2003), quoting *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).

However, the PLRA only requires inmates to exhaust *available* administrative procedures. 42 U.S.C. § 1997e(a). If a prisoner is hindered from utilizing an administrative procedure, then that administrative procedure is not available. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003); *Miller v. Norris*, 247 F.3d 736, 738-40 (8th Cir. 2001). Plaintiff's complaint states that she "attempted to report the incident and utilize the administrative grievance process, but was threatened and denied access to grievance forms." (Docket No. 1, at ¶ 16). Accepting this allegation as true, the Court finds that Plaintiff was hindered from utilizing the NMWCF's administrative procedures, and, consequently, those administrative procedures were not available to Plaintiff. Thus, Plaintiff's failure to exhaust administrative remedies does not warrant dismissal of her complaint under the exhaustion requirements of the PLRA.

### *2. Heightened Pleading Under the PLRA*

A second issue is whether Plaintiff's complaint fulfills the heightened pleading requirement of the PLRA. The PLRA imposes a heightened pleading requirement by requiring a plaintiff to plead exhaustion of administrative remedies with specificity. 42 U.S.C. § 1997e(a); *Steele*, 355 F.3d at 1210. Under the PLRA, a plaintiff must "attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Steele*, 355 F.3d at 1210. Defendants argue that Plaintiff's failure to attach administrative dispositions or provide a description of the administrative proceeding in her complaint compels dismissal of her complaint.

Defendants correctly point out that Plaintiff's complaint does not meet the heightened pleading standard under the PLRA and *Steele*. However, the Court finds that these heightened pleading requirements do not apply when, as here, administrative proceedings are not available to a plaintiff. As recently noted by the United States District Court for the District of Colorado, "the Tenth Circuit only place[s] upon a plaintiff prisoner the burden of pleading *exhaustion* of administrative remedies with specificity under the PLRA. The Court [in *Steele*] did not interpret the PLRA as requiring a plaintiff to plead with specificity why he or she *failed* to exhaust administrative remedies." *Thomas v. Gunja*, 2005 WL 1984429, at *3 n.3 (D.Colo. 2005) (unpublished) (emphasis in original). Consequently, the heightened pleading standard does not apply to Plaintiff's complaint because she was denied access to administrative procedures.

Since Plaintiff's complaint fulfills the requirements of the PLRA, the Defendants' motion to dismiss for failure to comply with the PLRA will be denied.

IT IS THEREFORE ORDERED THAT Defendants' Motion to Dismiss for Failure to

Exhaust Administrative Remedies and Memorandum Brief in Support Thereof (Docket No. 18) is DENIED.

IT IS FURTHER ORDERED THAT Plaintiff's Motion for Leave to File Surreply to Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Docket No. 35) is DENIED, as moot.

/s/ James A. Parker
SENIOR UNITED STATES DISTRICT JUDGE